Nott, J.
delivered the opinion of the Court.
This was an application to the Circuit Court of Sumter, for a writ of dower. The defendant’s attorney moved the Court *278 for an order instructing the commissioners, that if they should be of opinion it would be most for the advantage of the parties, that they should allow the demandant a sum of money in lieu of dower, they should assess such sum as would be equal to one sixth part of the fee simple value of the land, at the time the plaintiff’s right of action accrued, against the defendant, with interest from that time. That order was made, for the purpose of bringing up the question to this Court, so that some general rule might be .adopted on the subject.
The following questions are now submitted for our consideration. 1st. Whether any, and what rule, shall be adopted with regard to the assessment of dower; or, whether the commissioners shall be allowed, in their discretion, to assess whatever sum they may think proper. 2d. Whether the commissioners are authorized to assess interest, by way of damages, and from what time. 3d. At what time the value of the land shall be estimated ; whether at the time of alienation, when it was sold by the husband in his life time; at the time of his death, when he died seized ; or, at the time when the application shall be made for the writ of admeasurement.
The introduction of dower into England, is of such antiquity, that its origin cannot be traced with any degree of certainty. That provision should be made for the sustenance of the wife, and the nurture and education of children, even against the claims of creditors, is, perhaps, consonant with the dictates of *279 humanity, and probably with good policy; but whether this is the best method of effecting the object at this day, is, I think, more than doubtful: and Í have long thought it a subject deserving the consideration of the legislature, and it seems to me somewhat extraordinary, that it has not hitherto engaged some portion of the attention of that honorable body.
Act of 1786. P. JL. 409. .
The introduction of marriage-settlements has, it is thought, in some measure remedied the evil, though on that subject, public opinion seems to be divided. But though marriage-settlements may be considered as a substitute, they cannot be considered as of modern invention; since'it appears that they were in use among the ancient Germans and Gauls, probably before dower was allowed in England. But even these do not dispense with the necessity of farther legislative provision, if any thing beyond the control of the husband, and the claims of creditors, ought to be allowed. Perhaps something in the nature of the ancient pars rationabilis bonorum maritorum, might answer the purpose. However, these are matters for the consideration of the legislature, and we must be governed by the law as it now stands.
The act prescribing the method of obtaining an admeasurement of dower, provides that “when the land cannot, in the opinion of a majority of the commissioners, be fairly and equally divided, without manifest disadvantage, then they, or a majority of them, shall assess a sum of money to be paid to the widow in lieu of her dower, by the heir at law, or such other person or persons who may be in possession of the said land.” It may be inferred from the literal expression of this act, that the commissioners are to be controlled only by their own discretion in the sum to be assessed ; but I apprehend that there are certain legal principles involved in the question, which are not to be disregarded.
The commissioners cannot, for instance, assess the fee simple value of the land; the widow is intitled to a life estate merely, and therefore it is the value of that estate only, that she is intitled to receive. That question was decided in the case of Heyward v. Cuthbert, 2 Treadw. 626. The commissioners assessed one third of the value of the fee simple of the land, in lieu of dower, and the Court set it aside, as haying been founded on erroneous principles. , And in the case of Hawkins v. Hall, 2 Bay, 449, *280 Court held, that “ wherever it appeared from the return of the commissioners themselves, that they had given the widow more than she was intitled to, the proceedings ought to be set aside.” But none of the decided cases have fixed upon any general rule by which they ought to be governed. On the contrary, in the case of Lesesne v. Russell, et al. 1 Bay 459, it was held, that where the commissioners are guilty of no mal-prac-tice, and do not proceed upon erroneous principles, their return is conclusive, although the sum awarded may appear large. But I think that is laying down the rule on too broad a scale. In the case of Heyward v. Cuthbert, supra, it was held, that where the commissioners assessed a sum of money, in lieu of the land, they ought to make a special return, that the land could not be divided with advantage; and I think they ought to go farther, and make a return of the appraised value, that the Court may know the basis of their assessment. And although, perhaps, no rule can be laid down applicable to all cases, yet £ am disposed to think, that a general rule may he adopted, subject only to such variation as special circumstances may require.
The case of Heyward v. Cuthbert, was a second time hi. tore the Court, vide 1 M‘C, 386, when it appeared that the commissioners had assessed one sixth of the fee simple value of the estate ; which assessment was sustained : and the same rule has generally prevailed since that period, and Í believe has been approved by experience. We have no table of life annuities in this State, and if we had, the commissioners usually appointed for the performance of this duty would be very incompetent to apply it to the various cases that might arise. I think, therefore, that we had better adhere to the rule adopted in the case of Mrs, Heyward, except in extreme cases, of youth on the one hand, or of age and infirmity on the other; in which, something more or less according to circumstances, maybe allowed: for although a person on the middle ground of life may live to extreme old age, yet he cannot know but that on the very day he is making his calculation, his life may be required of him. It is better, therefore, to have some general rule, than to trust to speculation, in a matter which furnishes no data from whence any certain conclusions can be drawn.
2d. With regard to the question of interest; in the same case of Heyward v. Cuthbert, 1 M‘C. 386. it was decided that a de- *281 mandant in dower is not intitled to damages ; and interest can o-u® be given by way of damages. By the act of 1824, amends .! by the act of 1825, interest is allowed in cases where the land !ms been sold during the life of the husband, but it is only in those cases. And even in those, 1 am inclined to think, that the true construction of the act would be, that that should be the maximum, and not that she should always receive interest from that time ; for why should she recover interest when the purchaser has always been ready to assign her dower. In Lord Hale’* M*iS. it is said, “if the tenant comes the first day and acknowledges the action, and avers he was at all times ready to render dower, the demandant may take judgment immediately, and then there shall be only recovery of seisin, et nihil de misa qu'o. vr.nit ‘primo die. But if the demandant would have damages, she may aver that she requested her dower, and the tenant did .not endow her, and then the judgment for damages and value, shall wait until the issue be tried.” Hargrave and Butler’s Co. Litt. 33 a. note 199. And I presume the Legislature did not intend to alter the common law, except to make interest the measure of damages, instead of leaving them to the discretion of a jury. It is not necessary, however, to decide that question, as this is not a case of that description. The husband here died seized, and the land was sold after his death, and, therefore, must depend upon the common law principle.
Acts of 1824, p. 24. and of 1825, p. 20.
3d. As to the time to which the-valuation of the land shall have reference ; in the case of Russell v. Gee, 2 Mill, 256, it is said, “the reasonableness and correctness of the rule, that dower shall be assessed according to the value at the time of alienation, is so clearly established by principle arid authority, as to supersede all reasoning upon it.” But that opinion was expressed in reference to the improved value afterwards, without any question having been made with regard to the respective value at the time of alienation, and at the time of the assignment of dower ; and, therefore, may be understood to relate to the condition of the lands rather than the value : and it would appear to me to be a more correct rule to value the lands at the time of the assignment; for it is the land itself, and not the value, to which the widow is primarily intitled. If lands are deteriorated by the destruction of buildings or otherwise, she *282 must take them in their deteriorated state. It would seem, therefore, that the assessment, at that time, ought to be the true measure of compensation. The act of 1824, however, declares that the value of the land, at the time of alienation by the husband, shall be taken as the true value on which to assess the dower; and that seems to be the common law rule. Hale’s MSS. vide Hargrave and Butlers’ Co. Litt. 32 a. note 193. And the same may be inferred from the observations on the statute of Merton. Ibid. 32. b. note 198. It is there said, “ by that statute, the wife shall have damages, viz. the value of the third part de. tempore mortis usque judicium.'1'1 A nd in the same note it is said, the damages in dower, are, 1st the value de tempore mor-tis ; 2d. damna occasions detentionis dotis, which are usually assessed severally. So it would seem, that the value, at the time of the death, should be the basis of the assessment. However, I do not know, th'at it is an important question in this case, aud therefore«xpress no definitive opinion upon it.
rJ he method proposed in this case, of giving instructions to the commissioners, is not usual in this State, and I think is unnecessary. The order of the Court below must be reform ed, and the writ issued without any instructions. The commissioners will undoubtedly respect the opinion of the Court, and act in conformity with it: and if there should be any thing objectionable m their award, the defendant may have the benefit of it when the return is made. The motion must, therefore, be granted.
This opinion also settles the question raised, in the case of Orlando S. Reese, ads. Sarah Wright. The commissioners in that case have clearly proceeded upon mistaken principles, and their return must, therefore be set aside.